**Charles W. HILL, Appellant,**

**v.**

**LYONS PLUMBING & HEATING CO.,**
**Appellee.**

Court of Appeals of Kentucky.

June 26, 1970.

Raymond C. Stephenson, Louisville, Richardson, Barrickman & Dickinson, Glasgow, for appellant.

Joe L. Travis, Walter Winn Davis, Nunn, Travis & Ropp, Glasgow, for appellee.

WOODARD C. TIPTON, Special Commissioner.

The question presented is: Whether appellant was an invitee of appellee in borrowing appellee's ladder and was owed the duty of ordinary care?

In the construction of a building, the appellant as an employee of a subcontractor used a ladder belonging to another subcontractor without its expressed consent. The ladder collapsed, and appellant was injured due to his fall and has sued appellee as owner of the ladder. Appellant alleged it was customary in the building trade for one subcontractor to use the equipment of another subcontractor on the same job. This will be taken as true as this action was dismissed on a motion for a summary judgment.

The circuit court at first overruled the motion of appellee for summary judgment. But on the morning of the trial, and prior thereto, the appellant announced that if the circuit court should rule that no duty was owed by the appellee to the appellant, except that of licensor to licensee, then summary judgment should be granted as appellant would only prove lack of ordinary care. The circuit court thereupon set aside his order and rendered summary judgment for appellee.

◼ Assuming that it was customary for one subcontractor to use the equipment of another subcontractor on the same job, then this would make the appellant not a trespasser but a licensee in the absence of a showing that the performance or completion of the work by the subcontractor, for whom appellant worked, in any manner affected the work of the appellee, or was for its benefit, so as to make the appellant not a licensee but an invitee. There is nothing to indicate that the ladder was loaned for a business purpose but could only have been supplied as a gratuity and not for the benefit of appellee. Therefore, the appellant was a mere licensee and not an invitee in the use of the ladder. Restatement of the Law, Torts, Negligence, vol. 2, § 392; 32 A.L.R.2d 415.

◼ The duty of a gratuitous bailor of personal property is analogous to the duty of a licensor toward a licensee, which is to disclose the existence of any known defects that may endanger him in the use of the property.

The judgment of the trial court is affirmed.

All concur.